FILED
SUPERIOR COURT
OF GUAM

2018 MAR -8 PM 3: 34

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SCOTT K. MOYLAN,<br><br>PLAINTIFF,<br><br>vs.<br><br>CITIZENS SECURITY BANK (Member ANZ Group of Companies), DOE CORPORATIONS 1-5, and JOHN DOES 1-5.,<br><br>DEFENDANTS. | CIVIL CASE NO.: CV1537-09<br><br>DECISION AND ORDER<br>of<br>Recusal/Disqualification Judge<br><br>(re Plaintiff's [Second] Statement of Objection to the Honorable Michael J. Bordallo Presiding as Judge in this Matter) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on November 22, 2017, pursuant to 7 GCA § 6107, on Scott K Moylan's ("Plaintiff") second Statement of Objection to the Honorable Michael J. Bordallo presiding as judge in the above-captioned case. Attorneys Curtis C. Van de veld and Douglas B. Moylan appeared on behalf of the Plaintiff. Attorneys G. Patrick Civille and Duncan McCully appeared on behalf of ANZ Guam, Inc., formerly known as Citizens Security Bank, ("Defendant"). Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court hereby **OVERRULES** the Plaintiff's second Statement of Objection and concludes the Honorable Michael J. Bordallo shall not be disqualified from presiding over this matter. The Court therefore **ORDERS** the Clerk of Court to refer this matter back to the Honorable Michael J. Bordallo.

ORIGINAL

CV1537-09 Scott K. Moylan v. Citizens Security Bank *et al.*                                        Page 1 of 9
DECISION AND ORDER (Plaintiff's [Second] Statement of Objection to the Honorable
Michael J. Bordallo Presiding as Judge in this Matter)

## BACKGROUND

The Complaint in this matter was filed on October 16, 2009, and pleads eight different causes of action related to Plaintiff's employment as Controller and later Vice President, and eventual termination from the Defendant Corporation. Compl. ¶¶ 10-75 (Oct. 16, 2009). On October 30, 2009, the Clerk of Court, as directed by the Presiding Judge, assigned this matter to the Honorable Michael J. Bordallo. Notice (Oct. 30, 2009).

On April 26, 2012, Plaintiff filed its first Statement of Objection to the Competency of the Honorable Michael J. Bordallo to preside as judge in this matter. Pl's Statement of Obj. (Apr. 26, 2012). This Court was subsequently assigned as the Recusal/Disqualification Judge, and the Court issued a Decision and Order on Plaintiff's first Statement of Objection on September 26, 2012. The Court Denied the Plaintiff's first Statement of Objection finding specifically that the Statement was both procedurally defective and legally insufficient. Decision and Order 2-6 (Sept. 26, 2012).

Subsequently, on October 3, 2017, Judge Bordallo filed a Notice of Facts which read, in relevant part,

> "The undersigned, has knowledge of facts which, under the provisions of Title 7 GCA § 6105 *may disqualify* me from sitting or acting as the judge in this case. . .
> The Court's Chamber Clerk Cynthia Sablan's daughter is the goddaughter of Plaintiff Scott Moylan's wife. In light of this, and in the interest of maintaining an appearance of impartiality, it is necessary that I disclose this information which the Court just discovered.
> Therefore, in accordance with 7 GCA § 6106, a copy of this Memorandum shall be transmitted by the clerk to each party or attorney who has appeared in this action."

Notice of Facts (Oct. 3, 2017) *(emphasis added)*.[1] On October 4, 2017, the Plaintiff filed the second Statement of Objection in this matter. In the second statement, the Plaintiff "respectfully requests

---

[1] 7 GCA § 6106 provides, in relevant part:

> "Whenever a . . . judge shall have knowledge of any facts or facts which, under the provisions of 6105 of this Chapter, disqualify him or her to sit or act as such in any action or proceeding pending before him or her, it shall be his duty to declare the same in open court and cause a memorandum thereof to be entered into the minutes. It shall be the duty of the clerk to transmit forthwith a copy of such memorandum to each party or his or her attorney who shall have

CV1537-09 Scott K. Moylan v. Citizens Security Bank *et al.*                                    Page 2 of 9
DECISION AND ORDER (Plaintiff's [Second] Statement of Objection to the Honorable
Michael J. Bordallo Presiding as Judge in this Matter)

[Judge Bordallo's] disqualification because the Court's impartiality might reasonably be questioned." Pl's Statement of Objection (Oct. 4, 2017). On October 5, 2017, Judge Bordallo filed a document captioned 'Answer to Statement of Objection,' which reads in relevant part,

"... the Court did not become aware of the relationship between the Court's Chamber Clerk's daughter and Plaintiff's wife until October 3, 2017. The Court learned of this relationship after the Court's Chamber Clerk briefly met with Plaintiff's wife at a funeral this past weekend. Nonetheless the Court can be fair and impartial in presiding over this matter. If necessary, another Chamber Clerk can be appointed to assist the Court in the proceedings. At this time, the matter is ready for trial, and special arrangements have been made to ensure the availability of elderly, non-resident witnesses."

Answer to Statement of Objection ¶ 7 (Oct. 5, 2017).

On October 16, 2017, the Presiding Judge assigned the matter to this Court as the Recusal Judge. See Notice of Assignment of Recusal Judge (Oct. 16, 2017). The Defendant filed a Response to the Plaintiff's Objection to Judge Bordallo on October 26, 2017. The Plaintiff then filed a Memorandum Supporting Opposition to ANZ's Response to Plaintiff's Objection on November 15, 2017. This Court held a hearing on the Plaintiff's second Statement of Objection to Judge Bordallo presiding over this matter on November 22, 2017. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

In the Statement of Objection, the Plaintiff states he is:

"concerned that the close relationship maintained between his spouse and himself to the Court's Chamber Clerk and her daughter may adversely affect Plaintiff's case herein by the Court avoiding a situation that its impartiality might reasonably be questioned, as well as avoiding an appearance of impropriety, and therefore ruling against Plaintiff to try and maintain said appearance (as opposed to the Court being perceived as ruling in Plaintiff's favor because of Plaintiff's close relationship with the Court's Chamber Clerk)."

appeared in such action or proceeding, except such parties as are presented [sic] in person or by attorney when the declaration is made."

7 GCA § 6106 (2017).

CV1537-09 Scott K. Moylan v. Citizens Security Bank *et al.*     Page 3 of 9
DECISION AND ORDER (Plaintiff's [Second] Statement of Objection to the Honorable
Michael J. Bordallo Presiding as Judge in this Matter)

Pl's Statement of Objection ¶ 7 (Oct. 4, 2017).[2] The Plaintiff also argues that "[t]he definition of 'Court' may be construed broadly to include its Chamber Clerk, thereby making Plaintiff's spouse and Plaintiff falling possibly within §§ 6105(b)(4) and (b)(5) of Title 7 Guam Code Annotated." Id. at ¶ 8.[3] For these reasons, the Plaintiff requests that Judge Bordallo be disqualified from presiding as Judge in this matter. See Id. at ¶ 10.

The Court construes the Plaintiff's position as an argument that Judge Bordallo's Chamber Clerk's daughter's relationship to the Plaintiff as goddaughter should (1) be imputed to Judge Bordallo, and thus (2) that under these circumstances Judge Bordallo's impartiality might reasonably be questioned, thus requiring Judge Bordallo to disqualify himself under applicable Guam Law. The Court disagrees and finds the Plaintiff's arguments overstate the law with regard to the grounds for a

---

[2] The Court notes that the Plaintiff also argues that because Judge Bordallo's October 3, 2017 Notice of Facts initiated these disqualification proceedings, "the Judge was disqualified without a provision to file an answer." Pl's Mem. Supp. Opp'n to ANZ's "Response" to Pl's Obj. (Nov. 15, 2017). The Court is somewhat confused by this argument, since Plaintiff filed a Statement of Objection on October 4, 2017 in response to Judge Bordallo's Notice of Facts, thus ostensibly Plaintiff concedes that the procedure of 7 GCA § 6107 governs these disqualification proceedings. The Court notes that this Court's role as disqualification/recusal judge is limited, and according to the Notice of Assignment of Recusal Judge, the assignment was made pursuant to *inter alia* § 6107. Notice of Assignment of Recusal Judge (Oct. 16, 2017). Thus this Court proceeds under § 6107. If Plaintiff has a procedural challenge to Judge Bordallo's Notice of Facts and Subsequent Answer to Plaintiff's Statement of Objection, the Court finds such challenge is moot by this Court's finding herein that as a matter of law Judge Bordallo's impartiality is not reasonably subject to question under these circumstances.

[3] 7 GCA §§ 6105(b)(4) and (5) provide, in relevant part:

"(b) A *Judge* shall also disqualify himself or herself in the following circumstances, but if, following complete disclosure to all parties in the proceeding of the reasons for his or her disqualification, all parties agree to having the *Judge* continue to sit in the proceedings, he or she need not disqualify himself or herself:
. . .
(4) Where he or she knows that he or she, individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in the subject matter in controversy or is a party to the subject matter in controversy or is a party to the proceeding, or in any other interest that could be substantially affected by the outcome of the proceeding;
(5) Where he or she or his or her spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:
(A) is a party to the proceeding, or an officer, director, or trustee of a party;
(B) is acting as a lawyer in the proceeding;
(C) is known by the Judge to have an interest that could be substantially affected by the outcome of the proceeding;
(D) is to the *Judge's* knowledge likely to be a material witness in the proceeding. . . ."

7 GCA §§ 6105(b)(4)-(b)(5) (*emphasis added*).

CV1537-09 Scott K. Moylan v. Citizens Security Bank *et al.*                Page 4 of 9
DECISION AND ORDER (Plaintiff's [Second] Statement of Objection to the Honorable
Michael J. Bordallo Presiding as Judge in this Matter)

Judge's disqualification. Thus, the Court finds that under these circumstances, Judge Bordallo's impartiality is not reasonably subject to question as a matter of law. Therefore Judge Bordallo should not be disqualified from presiding over this matter.

In Guam, a Judge is mandated to disqualify herself in any proceeding where her impartiality might reasonably be questioned. See 7 GCA § 6105(a) (2017). Federal judges are bound to disqualify by similar language under federal law. See 28 U.S.C.A. § 455(a) ("[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.") Thus this Court looks to federal courts applying the disqualification standard as persuasive authorities. See Sumitomo Constr. Co. v. Zhang Ye, Inc., 1997 Guam 8 ¶ 17 (reasoning "[g]enerally when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction").

The Supreme Court of Guam has held that the disqualification inquiry is not only limited to actual bias as "it is the appearance of bias or prejudice which is of concern to the court." Dizon v. Superior Court of Guam, 1998 Guam 3 ¶ 8 (citing Liteky v. United States, 510 U.S. 540, 548 (1994)). Both Guam and the Federal Ninth Circuit Court of appeals employ an objective test for disqualification which analyzes "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. U.S. Dist. Court for Central Dist. of California, 428 F.3d 1175, 1178 (9th Cir. 2005) (citing Herrington v. County of Sonoma, 834 F.2d 1488, 1502 (9th Cir. 1987); see also Dizon 1998 Guam 3 at ¶ 8 (citing Liteky, 510 U.S. at 548). The Ninth Circuit has made clear that the "reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." Id. (citations and quotations omitted). Finally, the Ninth Circuit has also set parameters for a Court's inquiry in its disqualification analysis, holding disqualification "claims are fact driven, and as a result, the analysis of a particular [disqualification] claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the

CV1537-09 Scott K. Moylan v. Citizens Security Bank et al.                                Page 5 of 9
DECISION AND ORDER (Plaintiff's [Second] Statement of Objection to the Honorable
Michael J. Bordallo Presiding as Judge in this Matter)

unique facts and circumstances of the particular claim at issue." Id. (citing United States v. Bremers, 195 F.3d 221, 226 (5th Cir. 1999)).

Where disqualification is sought based on a perceived or actual conflict because of a relationship or association of a judge's staff member, "[c]ourts have generally only found disqualification necessary . . . where the staff member is integrally involved in the decision-making process." Bank of Saipan v. Superior Court of the Commonwealth of the Northern Marianas, 6 N.M.I. 464, 471 (2002). As an example of what position is integrally involved in decision-making, the Supreme Court of our sister islands to the North has reasoned "a law clerk's relation to a party or attorney would implicate the judge's appearance of impartiality specifically because the law clerk is integrally involved in the decision-making process." Bank of Saipan, 6 N.M.I. at 471.

The Ninth Circuit similarly draws a line, for the purposes of imputing grounds for disqualification, between those staff members who are involved in decision-making and those who are not. See Milgard Tempering Inc. v. Selas Corp. of Am., 902 F.2d 703, 714 (9th Cir. 1990) (reasoning "[t]he close familial relationship between [Judge's] law clerk and a senior partner in the firm representing [Appellees] might lead an objective observer, especially a lay observer, to believe that [Appellees] will receive favorable treatment from the district judge thus warranting disqualification . . . ."); Hall v. Small Bus. Admin., 695 F.2d 175, 179 (5th Cir. 1983) (reasoning "[l]aw clerks are not merely errand runners. They are sounding boards for tentative opinions and legal researchers that seek authorities that affect decisions.").

However, "[w]here this involvement in the decision-making process is not present, courts have found it proper for a judge to remain on a case, holding that in such a circumstance the judge's impartiality may not reasonably be questioned." Hamid, 51 F.3d at 1416; see also Bank of Saipan, 6 N.M.I. at 471-72 (reasoning "[a] judge's secretary is not involved in the decision-making process like a law clerk. Like a law clerk who has been screened from a case, a judge's secretary similarly does not take part in the decision-making process. Therefore the factors compromising the appearance of impartiality are not present when a judge's secretary is related to a party or other interested individual to the proceeding").

CV1537-09 Scott K. Moylan v. Citizens Security Bank *et al.*                                                    Page **6** of **9**
DECISION AND ORDER (Plaintiff's [Second] Statement of Objection to the Honorable
Michael J. Bordallo Presiding as Judge in this Matter)

Here the Court finds that the relationship of Judge Bordallo's Chamber Clerk's daughter to the Plaintiff and his wife has no bearing on the impartiality of Judge Bordallo. Therefore the Court need not reach the merits of Plaintiff's second statement of objection under 7 GCA § 6105(a).[4] The authorities cited above make clear that for a court staffer's actual or perceived conflict to be imputed to a judge, such staffer must be involved in the decision making process. Here there has been no showing that Judge Bordallo's Chamber Clerk participates in decision making that affects the merits of the Plaintiff's claims. Thus the Court finds that under these circumstances, a reasonable person would not question Judge Bordallo's impartiality as a matter of law under § 6105(a).

As to the Plaintiff's second argument that the definition of 'Court' may be construed broadly to include its Chamber Clerk, thereby making Plaintiff's spouse and Plaintiff falling possibly within §§ 6105(b)(4) and (b)(5) of Title 7 Guam Code Annotated, the Court again disagrees. Notably, the word "court" as used by the Plaintiff, does not appear in Section §§ 6105, 6106, or 6107. Instead, the statutory scheme only uses the word 'court' to refer to the Supreme or Superior Courts of Guam, or in §§ 6106 and 6107 to state that certain matters must be presented in court. See 7 GCA §§ 6105, 6106, 6107.

Throughout the statutory scheme governing disqualification, the word 'judge' is used to refer to the judicial officer of the court and the circumstances under which such officer must take certain actions. Notably, § 6105(b) refers to instances where the "judge" must disqualify herself, and not where the "court" must disqualify itself.

Plaintiff can point to no language in the provisions of Title Seven that he cited which, even if construed broadly would allow for a staff member's conflict to be imputed to a judge. Plaintiff's citations to §§ 6105(b)(4) and (5) are unpersuasive. Section 6105(b)(4) contemplates disqualification in factual situations where the Judge, as an individual or fiduciary, or the Judge's spouse or minor children who reside in the Judge's household either: (1) has a financial interest in the subject matter in controversy, (2) is a party, or (3) has any other interest that could be substantially affected by the

---

[4] Even if the Court were to reach the merits of Plaintiff's objection, the Court finds that a relationship to a goddaughter does not fall within any of the grounds for disqualification in § 6105(b). Further, the Court expressly finds the Plaintiff's relationship to Judge Bordallo's Chamber Clerk's daughter, which was not raised by Plaintiff from 2009 until 2017, is not sufficient in and of itself for a reasonable person to question Judge Bordallo's impartiality under 7 GCA § 6105(a).

CV1537-09 Scott K. Moylan v. Citizens Security Bank *et al.*                    Page 7 of 9
DECISION AND ORDER (Plaintiff's [Second] Statement of Objection to the Honorable
Michael J. Bordallo Presiding as Judge in this Matter)

outcome of the proceeding. Section 6105(b)(5) contemplates disqualification where the judge, her spouse or a person within the *third degree of relationship* (1) is a party to the litigation, (2) is a lawyer involved in the litigation, (3) is known by the judge to have an interest that could be substantially affected by the outcome of the litigation, or (4) may be called as a material witness in the litigation. 7 GCA § 6105(b)(5).

If the Legislature intended to include staff member conflicts as a circumstance where a judge should be disqualified, the language of the above-cited statutes could have so provided. Rather, what is apparent is that the goddaughter-godparent relationship between the Chamber Clerk's daughter and the Plaintiff would not be enough even if this Court allowed the imputation advanced by the Plaintiff. This Court is mandated to construe the disqualification statute narrowly. See Dizon, 1998 Guam at ¶ 9. Thus without a more compelling statutory interpretation argument, the Court will not advance the broad of reading § 6105(b) advanced by the Plaintiff.

Finally, and most fatal to Plaintiff's statutory interpretation argument, § 6105(d)(5) defines the word "judge," as used in the statute to mean, "any justice of the Supreme Court or *Judge of the Superior Court*." 7 GCA § 6105(d)(5) (*emphasis added*). What is apparent from this language is that the Guam Legislature made a clear choice, that the standard for disqualification of a judge applies to a judge and does not include those conflicts arising due to a relationship or association of a staff member of the judge. Instead, Courts have found such imputed conflicts are only sufficient to disqualify a judge where such staff members are involved in the decision-making process and thus affect the Judge's impartiality, as discussed above.

Therefore the Plaintiff's argument that the word "Court" as used in § 6105 could include this situation fails on three grounds. First, the word 'Court' is not used to refer to the judicial officer as the Plaintiff posits. Second, the factual situations contemplated by § 6105(b)(4) and (5) do not provide that a godchild-godparent relationship is sufficient to disqualify a Judge from presiding over a matter. Third, the definition of 'judge' as used in the statute to show what situations mandate a judge's disqualification expressly does not include the staff members of a judge. Thus the Court finds that the Judge's Chamber Clerk's perceived conflict herein does not fall within 7 GCA §

CV1537-09 Scott K. Moylan v. Citizens Security Bank *et al.*                                                    Page **8** of **9**
DECISION AND ORDER (Plaintiff's [Second] Statement of Objection to the Honorable
Michael J. Bordallo Presiding as Judge in this Matter)

6105(b)(4) or (5). Further, this situation is not sufficient to disqualify Judge Bordallo from presiding over this matter because a reasonable person would not question Judge Bordallo's impartiality under these facts.

**CONCLUSION**

Thus by a preponderance of the evidence and for the foregoing reasons, the Court **OVERRULES** the Plaintiff's Second Statement of Objection to the competency of the Honorable Michael J. Bordallo to preside as Judge in this matter. The Court **ORDERS** the Clerk of Court to refer this matter back to the Honorable Michael J. Bordallo.

**SO ORDERED** MAR 0 8 2018 _____.

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hearing was placed in the court box
MOYLAN VANDEVELD
McCULLY ORILLE
Date: 3/8/18 Time: __
Deputy Clerk of the Court of Guam

CV1537-09 Scott K. Moylan v. Citizens Security Bank *et al.*
DECISION AND ORDER (Plaintiff's [Second] Statement of Objection to the Honorable Michael J. Bordallo Presiding as Judge in this Matter)

Page **9** of **9**